UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff

-vs-

EDEN PRAIRIE RESIDENTIAL CARE SERVICES, LLC,
ADEDAYO OGUNDIPE, and
KEHINDE OGUNDIPE.

        Defendants

Case No. 26-cv-12039

Hon.

## COMPLAINT

The United States of America brings this action to pursue collection of a civil monetary penalty  imposed on defendants Eden Prairie Residential Care Services, LLC, Adebayo Ogundipe, and Kehinde Ogundipe (collectively referred to herein as "Defendants") by the Wage and Hour Division of the United States Department of Labor ("WHD").

## PARTIES

1. The Plaintiff is the United States of America. The WHD is an agency of the United States that is responsible for promoting and achieving compliance with labor standards to protect and enhance the welfare of the nation's workforce.

2. Eden Prairie Residential Care Services, LLC ("Eden Prairie") is a Michigan

limited liability company; its resident agent is defendant Kehinde Ogundipe, and it maintains a registered office at 405 W Greenlawn, Ste G-15B, Lansing, MI 48910.

3. Adebayo Ogundipe is an individual who is domiciled in Oakland County, MI.

4. Kehinde Ogundipe is an individual who is domiciled in the State of Florida.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant *7 U.S.C. § 9a,* as well as *28 U.S.C. §§ 1331*, *1332*, *1345*, and *1355*.

6. The Court may exercise personal jurisdiction over Adebayo Ogundipe because they reside in this judicial district.

7. The Court may exercise personal jurisdiction over Eden Prairie and Kehinde Ogundipe because a substantial part of the acts and omissions giving rise to the United States' claim occurred in this judicial district.

8. This judicial district is a proper venue pursuant to *28 U.S.C. §§ 1391(b)* and *1395(a)* for all Defendants because a substantial part of the acts and omissions giving rise to the United States' claim occurred here.

## VIOLATION AND SETTLEMENT

9. Eden Prairie owns and operates a residential facility in Flint, Michigan that provides rehabilitation services and other care and treatment to adults or children with development and intellectual disabilities.

10. WHD conducted an investigation under *Sections 206, 207, 211* and *212* of the Fair Labor Standards Act ("FLSA") as amended, *29 U.S.C. § 201 et. seq.*, covering the period of 5/2/2021 through 4/30/2023, with respect to Eden Prairie. As a result of its investigation, WHD found violations of FLSA *Sections 206, 207*, and *211* resulting in certain unpaid back wages and liquidated damages the WHD sought to recover from Defendants.

11. On information and belief, Defendants did in fact violate FLSA *Sections 206, 207*, and *211* causing the damages sought in this action.

12. In lieu of litigation, WHD and Defendants entered into a settlement agreement (*Exhibit A-Settlement Agreement*) (the "Settlement Agreement") requiring the Defendants to repay the unpaid back wages and liquidated damages with interest to the Department of Labor.

13. Pursuant to the Settlement Agreement, the Defendants agreed to repay $923,532.22 in back wages, and an equal amount of $923,532.22 in liquidated damages, amounting to a total of $1,847,064.44.

14. The Settlement Agreement called for a down payment of $277,059.66 to be made on April 1, 2024, and monthly installments of $46,657.64 to be made on the first of each month commencing on June 1, 2024, and ending on May 1, 2027. *Id.*, at pp. 4-6.

15. Defendants have failed to comply with the terms of the Settlement Agreement and have remitted only $45,000.00 total to date.

16. On or about August 20, 2024, WHD sent a notice of default to Defendants demanding full payment within 10 days after Defendants failed to adhere to the Settlement Agreement.

17. Defendants did not remit full payment within 10 days.

18. Defendants have failed, refused, or neglected to pay the amount due in violation of the Settlement Agreement, despite their agreeing to its terms, and each receiving a notice of demand for payment.

19. Defendants have breached the Settlement Agreement.

20. Pursuant to a Certificate of Indebtedness attached as *Exhibit B*, as of March 23, 2025, the Defendants were liable to the United States in the amount of $1,994,317.56 as of that date. Including interest, this amount has increased to $2,106,391.17 as of this date.

21. The WHD referred this matter to the United States Department of Justice, who may recover the penalty by action in this Court pursuant to *7 U.S.C. § 9a.*

**WHEREFORE**, the United States respectfully requests that the Court:

A. Declare that Defendants breached the Settlement Agreement;

B. Find that the Defendants violated *29 U.S.C. §§ 216* and *217.*

C.  Enter judgment against Defendants in the amount of $1,994,317.56 as of

March 23, 2025, plus accrued interest, fees and other accruals to present;

D.  Impose post-judgment interest at the statutory rate pursuant to *28 U.S.C. § 1961*

until the Defendants' debt is paid in full;

E.  Grant such other proper relief as this court may deem just and proper.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*/s/ Peter F. Schneider*
Peter F. Schneider
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
E-mail: peter.schneider@usdoj.gov
MI Bar Number: P75256